UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:07-CV-167-R

DAVID CURRY AND LORETTA CURRY                                        PLAINTIFFS

v.

COUNTRYWAY INSURANCE COMPANY                                        DEFENDANT

## MEMORANDUM OPINION

This matter comes before the Court on Plaintiffs David Curry and Loretta Curry's Motion to Remand. Defendant Countryway Insurance Company has responded. This matter is now ripe for adjudication. For the following reasons, Plaintiffs' Motion to Remand is DENIED.

## BACKGROUND

This matter was initially filed in the Russell Circuit Court in Kentucky. The complaint alleges that Defendant, an insurance company, unlawfully refused to honor an insurance policy held by Plaintiffs. Plaintiffs claim damages for the contract amount. Plaintiffs also request bad faith damages arising from Defendant's allegedly malicious conduct. Defendant timely removed the action to this Court on October 2, 2007, pursuant to 28 U.S.C. § 1332. On October 8, 2007, Plaintiffs filed this Motion to Remand with the Court, arguing that their claims, exclusive of costs and interest, do not exceed $75,000.00. Defendant contests this motion, arguing that the complaint on its face satisfies the federal subject matter jurisdiction requirements.

## STANDARD

"Generally, a civil case brought in a state court may be removed by a defendant to federal court if it could have been brought there originally. 28 U.S.C. § 1441(a). A federal district court has original 'diversity' jurisdiction where the suit is between citizens of different states and the

amount in controversy exceeds $75,000, exclusive of costs and interest. 28 U.S.C. § 1332(a). A defendant removing a case has the burden of proving the diversity jurisdiction requirements. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144 (1921)." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). Federal jurisdiction in a diversity case is determined at the time of removal. *Rogers*, 230 F.3d at 871.

**ANALYSIS**

In their complaint, Plaintiffs' claim $73,000.00 in damages under the insurance contract. Plaintiffs also claim damages "in an amount in excess of the minimum jurisdictional limits" for Defendant's failure to act in good faith. Specifically, Plaintiffs request:

> 1. Judgment against the Defendant for payment under the insurance policy in the amount of $73,000.00;
>
> 2. For damages in an amount in excess of the minimum jurisdictional limits of this Court for the failure of the Defendants to act in good faith in affecting a fair and reasonable settlement and for it's breach of covenant to act in good faith, said damages including, but not limited to, for the loss of use of the property and contract amount for the bad faith of the Defendants in not paying the benefits as due.

Plaintiff argues that in the Circuit Courts of Kentucky, the jurisdictional minimum is a statutory floor of at least $4,000.00. Therefore, Defendant concludes that Plaintiffs' allege damages of at least $77,000.00. Even if Plaintiffs did not specifically request bad faith damages of at least $4,000.00, there is little doubt that Plaintiffs claim more than $2,000 in bad faith damages. This is all that is necessary to satisfy the amount in controversy requirement.

Plaintiffs argue that Defendant is unaware of the amount sought by Plaintiffs. Furthermore, Plaintiff states that the discovery process will reveal that Plaintiffs only seek a total recovery of $73,000.00. This number is the sum of Plaintiffs' actual damages under the contract and Plaintiffs' requested bad faith damages. Plaintiff claims $33,000.00 in actual damages and

$40,000.00 in bad faith damages.

However, the Court's subject matter jurisdiction in a diversity case is decided at the time of removal. In the complaint the amount Plaintiffs request in contract damages and the amount Plaintiffs request in bad faith damages exceed $75,000.00. Plaintiff's complaint requests damages in excess of the amount in controversy requirement. Therefore, the Court has jurisdiction over this matter.

## CONCLUSION

For the above reasons, Plaintiffs' Motion to Remand is DENIED.

An appropriate order shall issue.